# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| PAMELA MORENO, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT,<br><br>*Defendant*. | Case No. 3:17-cv-02911-JSC<br><br>**CLASS ACTION SETTLEMENT AGREEMENT**<br><br>Hon. Jacqueline Scott Corley |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement (the "Agreement" or "Settlement Agreement") is entered into by and among Plaintiff Pamela Moreno ("Moreno" or "Plaintiff"), for herself individually and on behalf of the Settlement Class (as defined below), and Defendant San Francisco Bay Area Rapid Transit District ("BART" or "Defendant") (together, the "Parties"). This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Injunctive Claims (as defined below), upon and subject to the terms and conditions of this Agreement and subject to the final approval of the Court.

## RECITALS

A.      On May 22, 2017, Plaintiff filed a putative class action against Defendant and another entity, Elerts Corp. ("Elerts") in the United States District Court for the Northern District of California, captioned *Moreno v. San Francisco Bay Area Rapid Transit District et al.*, No. 3:17-cv-02911-JSC (the "Action"). Plaintiff's complaint alleged that Defendant and Elerts partnered to develop a mobile phone application, the BART Watch App (the "App"), that collected Plaintiff's mobile phone's geolocation data and International Mobile Equipment Identity ("IMEI") number without consent and consequently violated California's Cellular Communications Interception Act ("CCIA"), Cal. Gov't Code § 53166, California's Consumer

Legal Remedies Act ("CLRA"), Cal. Civ. Code. §§ 1750, *et seq.*, Plaintiff's privacy rights under the California Constitution, and rendered Defendant and Elerts liable for Intrusion Upon Seclusion.

B.     On August 18, 2017, Plaintiff filed her First Amended Class Action Complaint, alleging substantially similar facts but replacing her prior claim under the CLRA for a claim under California's Invasion of Privacy Act, Cal. Penal Code § 637.7.

C.     On September 15, 2017, Defendant filed a motion to dismiss Plaintiff's First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. 41. That motion was granted by the Court on December 14, 2017. Dkt. 61.

D.     On January 16, 2018, Plaintiff filed her Second Amended Complaint, alleging a single CCIA claim against Defendant. Dkt. 63.

E.     On February 12, 2018, Defendant filed a motion to dismiss Plaintiff's Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. 66. The Court heard oral argument on that motion on March 29, 2018. Dkt. 73.

F.     At the March 29, 2018 hearing, the Court referred the matter for a settlement conference before Chief Magistrate Judge Spero. Dkt. 74.

G.     In advance of the settlement conference, the parties engaged in an exchange of informal discovery.

H.     On June 28, 2018, during a settlement conference before Chief Magistrate Judge Spero, the parties reached an agreement in principle as to the resolution of this matter.

I.     Based upon extensive analysis of the facts and the law applicable to Plaintiff's claims in the Action, and taking into account the burdens and expense of continued litigation—including the risks and uncertainties associated with protracted trial and appeals—as well as the fair, cost-effective, and assured method of resolving the claims of the Settlement Class, Plaintiff and Class Counsel have concluded that this Agreement provides substantial benefits to the Settlement Class and is fair, reasonable, adequate and in the best interests of Plaintiff and the Settlement Class, as it will promptly provide them with injunctive relief;

J.      At all times, Defendant has denied, and continues to deny, any wrongdoing whatsoever. In addition, Defendant maintains that it has meritorious defenses to the claims alleged in the Action and is prepared to vigorously defend against them. Nevertheless, taking into account the uncertainty and risks inherent in any litigation, Defendant has concluded that further defense of the Action would be protracted, burdensome, and expensive, and that it is desirable and beneficial to fully and finally settle and terminate the Action in the manner and upon the terms and conditions set forth in this Agreement; and

K.      NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff Moreno, the Settlement Class, and Defendant, by and through their respective counsel, that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Settlement Agreement set forth herein, that the Action and the Released Injunctive Claims shall be fully and finally compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions set forth in this Agreement.

## AGREEMENT

**1.     DEFINITIONS.**

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1.    **"Action"** means *Moreno v. San Francisco Bay Area Rapid Transit District et al.*, No. 3:17-cv-02911-JSC.

1.2.    **"BART Watch App"** means the "BART Watch" mobile application available for download through the Apple App store and the Google Play store.

1.3.    **"Class Counsel"** means Rafey S. Balabanian and Todd Logan of Edelson PC.

1.4.    **"Class Representative"** means the named Plaintiff in the Action, Pamela Moreno.

1.5.    **"Court"** means the United States District Court for the Northern District of California, the Honorable Jacqueline Scott Corley presiding, or any judge who shall succeed her as judge in this Action.

1.6.    **"Defendant"** means San Francisco Bay Area Rapid Transit District.

1.7.    **"Defendant's Counsel"** means Gordon James Calhoun and Rene I. Gamboa of Lewis Brisbois Bisgaard & Smith.

1.8.    **"Effective Date"** means the first business day after which all of the events and conditions specified in Paragraph 8.1 have been met and have occurred.

1.9.    **"Fee Award"** means reasonable attorneys' fees and costs that Defendant has agreed to pay to Class Counsel in an amount to be determined and awarded by the Court.

1.10.   **"Final"** means one business day following the latest of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving this Settlement Agreement; (ii) if there is an appeal or appeals, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

1.11.   **"Final Approval Hearing"** means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement and determining the Fee Award.

1.12.   **"Final Judgment"** means the Final Judgment and order(s) to be entered by the Court approving the Settlement Agreement and determining the Fee Award.

1.13.   **"Objection Deadline"** means the date by which a written objection to this Settlement Agreement submitted by a Person within the Settlement Class must be postmarked and/or filed with the Court, which shall be set for a date no later than sixty (60) days after entry of Preliminary Approval, or such other date as ordered by the Court.

1.14.   **"Parties"** means Plaintiff Moreno and the Settlement Class, on the one hand, and Defendant, on the other.

1.15.   **"Person"** shall mean, without limitation, any individual, corporation, partnership,

limited partnership, limited liability partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.16.   **"Plaintiff"** means Pamela Moreno.

1.17.   **"Preliminary Approval"** means the order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and scheduling the Final Approval Hearing.

1.18.   **"Released Injunctive Claims"** means any and all injunctive claims, including claims pursuant to California's Cellular Communications Interception Act ("CCIA"), Cal. Gov't Code § 53166, California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code. §§ 1750, *et seq.*, privacy rights under the California Constitution, and the common law tort of intrusion upon seclusion, whether foreseen or unforeseen, and whether known or unknown, arising from or in any way related to the Settlement Class Members' use of the BART Watch App. To be clear, Released Injunctive Claims do not include any claims belonging to Settlement Class Members for monetary damages pursuant to California's Cellular Communications Interception Act ("CCIA"), Cal. Gov't Code § 53166, California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code. §§ 1750, *et seq.*, privacy rights under the California Constitution, and the common law tort of intrusion upon seclusion.

1.19.   **"Released Parties"** means Defendant BART, as well as its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, agents, associates, affiliates, divisions, holding companies, employers, employees, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, successors in interest, companies, firms, trusts, and corporations. To be clear, Elerts Corp. is not a Released Party.

1.20.   **"Releasing Parties"** means Plaintiff and Settlement Class Members, and all of their present, former, and future heirs, executors, administrators, representatives, agents, attorneys, partners, predecessors-in-interest, successors, assigns, and legatees.

1.21. **"Settlement Class"** means the proposed class of those Persons certified as a settlement class under Federal Rule of Civil Procedure 23(b)(2) from which exclusions shall not be permitted, consisting of all Persons in the United States who, on or after January 1, 2016 but before the date of Preliminary Approval, had their mobile device's IMEI or geolocation collected by the BART Watch App. Excluded from the Settlement Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current, former, purported, and alleged employees, officers, and directors; (3) counsel for Plaintiff and Defendant; and (4) all persons who have previously had claims similar to those alleged herein finally adjudicated or who have released their claims against Defendant.

1.22. **"Settlement Class Member(s)"** means a Person who falls within the definition of the Settlement Class as set forth above.

**2.      SETTLEMENT RELIEF.**

2.1.    **Injunctive Relief.** In consideration for the termination and dismissal of this Action as set forth herein, Defendant shall consent to the entry of an injunction, to be included as part of the Final Judgment, requiring that the following be instituted on or before the Effective Date and to remain in effect for a period of four (4) years:

A. With respect to the BART Watch App, Defendant will only obtain limited information—other than through appropriate and lawful court processes—when a Bart Watch App user submits a "report," registers the App, or updates Personal Identification Information. That limited information will not include any "International Mobile Equipment Identity" numbers.

B. Specifically, when a user submits a "report," Defendant will only obtain the following information:

- o The reporting individual's first name, if provided;
- o The reporting individual's last name, if provided;
- o The reporting individual's email, if provided
- o The reporting individual's phone number, if provided;
- o An alert ID;
- o The report location ID;
- o An image and/or video, if provided by the reporting individual
- o The date;
- o The time;
- o The report status;

        o   The report title;
        o   The report type;
        o   Report details (text details provided by user);
        o   The UserID of the reporting individual;
        o   The reporting individual's latitude, if provided;
        o   The reporting individual's longitude, if provided;
        o   The organizationID of the entity to which the report is sent;

C.  When a user registers the App or updates Personal Identification Information, Defendant will only obtain the following:

        o    The reporting individual's first name, if provided;

        o    The reporting individual's last name, if provided;

        o    The reporting individual's email, if provided;

        o    The reporting individual's phone number, if provided;

        o    The reporting device model.

D.  The categories of information described in Sections 2.1(B)-(C) above represent all data that BART currently receives from Elerts through the BART Watch App. After a 90 day grace period beginning on the date of Final Approval, BART will make all reasonable efforts to ensure that, moving forward, it is precluded from receiving from Elerts, through the BART Watch App, any information other than the information described in Section 2.1(B)-(C).

E.  If BART in the future uses "Cellular Communications Interceptions Technology," BART will comply with all requirements set forth under the Cellular Communications Interception Act, Cal. Gov't Code § 53166(b)-(c).

F.  Unless required by a specific law enforcement investigation or through appropriate and lawful court processes, BART will make all reasonable efforts not to retain geolocation information from the BART Watch App for a period of longer than three years.

       2.2.    **Injunction Costs.** Defendant shall pay all costs in connection with the injunction described in Section 2.1, above.

**3.**    **RELEASE**

       3.1.    The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Injunctive Claims, as against all Released Parties.

       3.2.    Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Injunctive Claims against each and every one of the Released Parties.

**4.**    **NOTICE, EXCLUSIONS, AND OBJECTIONS**

4.1.     As the Settlement Agreement provides only for injunctive relief pursuant to Fed. R. Civ. P. 23(b)(2) and requires no release of any monetary remedies by any member of the Settlement Class, the Parties agree that notice to the Settlement Class is not necessary.

4.2.     Because this Settlement Agreement is reached under Fed. R. Civ. P. 23(b)(2) only, Settlement Class Members may not exclude themselves from the Settlement Agreement.

4.3.     Any Settlement Class Member may object to this Settlement Agreement by filing a valid objection, pursuant to § 4.3 and § 4.4 of this Settlement Agreement, by the Objection Deadline. Any papers submitted in support of said objection shall be received by the Court at the Final Approval Hearing only if, on or before the Objection Deadline, the Person making the objection has filed notice of his or her intention to object as well as: (a) filed copies of such papers he or she proposes to submit at the Final Approval Hearing with the Clerk of the Court, (b) filed copies of such papers through the Court's CM/ECF system if the objection is from a Settlement Class Member represented by counsel, and (c) sent copies of such papers via mail, hand, or overnight delivery service to both Class Counsel and Defendant's Counsel.

4.4.     Any member of the Settlement Class who intends to object to this Settlement Agreement must: include his or her name and address; include all arguments, citations, and evidence supporting the objection (including copies of any documents relied on); state that he or she is a Settlement Class Member, provide the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; and provide a statement indicating whether the objector intends to appear at the Final Approval Hearing either personally or through counsel (who must file an appearance or seek *pro hac vice* admission, accompanied by the signature of the objecting Settlement Class Member). Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her  intent to appear at the Final Approval Hearing in accordance with the terms of this Paragraph, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means and

shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding.

**5.      TERMINATION OF SETTLEMENT.**

5.1.    Subject to Paragraph 8.1 below, the Class Representative, on behalf of the Settlement Class, or Defendant, shall have the right to terminate this Settlement Agreement by providing written notice of the election to do so to all other Parties hereto within ten (10) days of any of the following events: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an Alternative Judgment, as defined in Paragraph 8.1 of this Agreement, is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

**6.      PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER.**

6.1.    Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement, certification of the Settlement Class for settlement purposes only, appointment of Class Counsel and the Class Representative, and entry of the order granting Preliminary Approval, which shall set a Final Approval Hearing date.

6.2.    At the time of the submission of this Settlement Agreement to the Court as described above, Class Counsel and Defendant's Counsel shall request that the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth herein.

6.3.    After the Final Approval Hearing, the Parties shall request and obtain from the Court a Final Judgment. The Final Judgment will (among other things):

A.      find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve this Settlement Agreement;

B.      approve the Settlement Agreement and the proposed settlement as fair,

reasonable and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Settlement Agreement according to its terms and conditions; declare the Settlement Agreement to be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members and Releasing Parties as to Released Injunctive Claims;

C.      find that the Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement;

D.      dismiss the Action on the merits and with prejudice, without fees or costs to any Party except as provided in this Settlement Agreement;

E.      incorporate the release set forth above, make the release effective as of the Effective Date, and forever discharge the Released Parties from all Released Injunctive Claims as set forth herein;

F.      authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing that (1) shall be consistent in all material respects with the Final Judgment, and (2) do not limit the rights of Settlement Class Members; and

G.      incorporate any other provisions, consistent with the material terms of this Agreement, as the Court deems necessary and just.

**7.      CLASS COUNSEL'S ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND INCENTIVE AWARD.**

7.1.      Defendant agrees that it may not oppose or otherwise challenge any request that Class Counsel be paid its reasonable attorneys' fees and expenses incurred prosecuting the Action, in an amount up to $57,500 and subject to Court approval. Class Counsel will submit a fee petition no later than fourteen (14) days prior to the Objection Deadline. Payment of any Court-awarded fees and expenses shall be made via check to Class Counsel and delivered to Class Counsel within thirty (30) days after the Effective Date.

7.2.     Defendant agrees that it may not oppose or otherwise challenge any request that Plaintiff be paid a reasonable incentive award in recognition of the time and effort she expended on behalf of the Settlement Class, in an amount up to $2,500 and subject to Court approval. Payment of the incentive award to the Class Representative shall be made via check to the Class Representative and delivered to Class Counsel within thirty (30) days after the Effective Date.

**8.      CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

8.1.     The Effective Date of this Settlement Agreement shall not occur unless and until each and every one of the following events occurs, and shall be the date upon which the last (in time) of the following events occurs:

(a)     This Agreement has been signed by the Parties, Class Counsel and Defendant's Counsel;

(b)     The Court has entered an order granting Preliminary Approval of the Agreement;

(c)     The Court has entered an order approving the Settlement Agreement and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment substantially consistent with this Agreement; and

(d)     The Final Judgment has become Final, or, in the event that the Court enters an order and Final Judgment in a form other than that provided above but which is substantially consistent with this Agreement and to which the Parties have consented, that substantially consistent Judgment has become Final.

8.2.     If some or all of the conditions specified in Paragraph 8.1 are not met, or in the event that this Settlement Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 8.3, unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Agreement. If any Party is in material breach of the terms hereof, any other Party, provided that it is in

1  substantial compliance with the terms of this Agreement, may terminate this Agreement on

2  notice to all other Parties. Notwithstanding anything herein, the Parties agree that the

3  following shall not prevent the Agreement from becoming effective, nor shall they be grounds

4  for termination: (1) the Court's failure to approve, in whole or in part, the attorneys' fees

5  payment to Class Counsel and/or the incentive award set forth in Paragraph 7; or (2) the Court's

6  determination that it lacks jurisdiction such that the Parties' Agreement will be renewed in an

7  appropriate forum.

8      8.3.    If this Agreement is terminated or fails to become effective for the reasons set

9  forth in Paragraphs 5.1, 8.1, or 8.2 above, the Parties shall be restored to their respective

10  positions in the Action as of the date of the signing of this Agreement. In such event, any Final

11  Judgment or other order entered by the Court in accordance with the terms of this Agreement

12  shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante*

13  with respect to the Action as if this Agreement had never been entered into and, pursuant to

14  Paragraph 9.4 below, this Agreement shall not be used for any purpose whatsoever against any

15  of the Parties.

16  **9.      MISCELLANEOUS PROVISIONS.**

17      9.1.    The Parties: (1) acknowledge that it is their intent to consummate this Settlement

18  Agreement; and (2) agree, subject to their fiduciary and other legal obligations, to cooperate to

19  the extent reasonably necessary to effectuate and implement all terms and conditions of this

20  Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and

21  conditions of this Agreement. Class Counsel and Defendant's Counsel agree to cooperate with

22  one another in seeking entry of an order granting Preliminary Approval of this Agreement and

23  the Final Judgment, and promptly to agree upon and execute all such other documentation as

24  may be reasonably required to obtain final approval of the Agreement.

25      9.2.    The Parties intend this Settlement Agreement to be a final and complete

26  resolution of all disputes between them with respect to the Released Injunctive Claims by

27  Plaintiff and the Settlement Class, and each or any of them, on the one hand, against the

28  Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the

Parties agree not to assert in any forum that the Action was brought by Plaintiff or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

9.3.    The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully this Agreement and have been fully advised as to the legal effect hereof by counsel of their own selection and intend to be legally bound by the same.

9.4.    Whether the Effective Date occurs or this Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement is, may be deemed, or shall be used, offered, or received:

(a)    against the Released Parties, or each or any of them as an admission, concession, or evidence of the validity of any Released Injunctive Claims, the truth of any fact alleged by Plaintiff Moreno, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the injunctive relief or any Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

(b)    against Defendant as an admission, concession, or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

(c)    against Plaintiff or the Settlement Class, or each or any of them as an admission, concession or evidence of, the infirmity or strength of any claims asserted in the Action, the truth or falsity of any fact alleged by Defendant, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

(d)    against the Released Parties, or each or any of them as an admission or concession with respect to any liability, negligence, fault, or wrongdoing as against any Released Parties, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this

Agreement and/or settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. Moreover, if this Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Settlement Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim;

(e)     against Plaintiff and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

(f)     as an admission or concession against Plaintiff and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, that any of Plaintiff's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

9.5.   The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

9.6.   The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

9.7.   This Agreement sets forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement other than the representations, warranties and covenants contained and memorialized in this Settlement Agreement. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

9.8.   Except as otherwise provided herein, each Party shall bear its own attorneys' fees

1    and costs incurred in any way related to the Action.

2         9.9.    Plaintiff represents and warrants that she has not assigned any claim or right or

3    interest therein as against the Released Parties to any other Person or Party and that she is fully

4    entitled to release the same.

5         9.10.   Each counsel or other Person executing this Settlement Agreement or any related

6    settlement documents on behalf of any Party hereto, hereby warrants and represents that such

7    Person has the full authority to do so and has the authority to take appropriate action required or

8    permitted to be taken pursuant to the Agreement to effectuate its terms.

9         9.11.   This Agreement may be executed in one or more counterparts. All executed

10   counterparts and each of them shall be deemed to be one and the same instrument. Signature by

11   digital, facsimile, or in PDF format will constitute sufficient execution of this Agreement. A

12   complete set of original executed counterparts shall be filed with the Court if the Court so

13   requests.

14        9.12.   The Court shall retain jurisdiction with respect to implementation and

15   enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of

16   the Court for purposes of implementing and enforcing the settlement embodied in this

17   Agreement.

18        9.13.   This Settlement Agreement shall be governed by and construed in accordance

19   with the laws of the State of California without reference to the conflicts of laws provisions

20   thereof.

21        9.14.   This Settlement Agreement is deemed to have been prepared by counsel for all

22   Parties, as a result of arms'-length negotiations among the Parties. Whereas all Parties have

23   contributed substantially and materially to the preparation of this Agreement, it shall not be

24   construed more strictly against one Party than another.

25        9.15.   Where this Settlement Agreement requires notice to the Parties, such notice shall

26   be sent to the undersigned counsel:

27

28

**If to Plaintiff's Counsel:**                    **If to Defendant's Counsel:**

Todd Logan                                         Gordon J. Calhoun

EDELSON PC                                         Lewis Brisbois Bisgaard Smith LLP

123 Townsend Street, Suite 100                     333 Bush Street, Suite 100

San Francisco, California 94110                     San Francisco, CA 94104


[SIGNATURES APPEAR ON THE FOLLOWING PAGES.]

1       IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to

2   be executed, by their duly authorized attorneys.

3

4                            **PAMELA MORENO**, individually and on behalf

5                            of the Settlement Class

6   Dated: _____           By: _____

7

8                            **SAN FRANCISCO BAY AREA RAPID
    TRANSIT DISTRICT**

9   Dated: _8/2A/18_             By: _____

10                           Its _RISK & INSURANCE MANAGEMENT_

11

12

13                           *As to form:*

14

15                           **EDELSON PC**
    Attorneys for Plaintiff Pamela Moreno

16  Dated: _____           By: _____

17

18                           **LEWIS BRISBOIS BISGAARD SMITH LLP**

19                           Attorneys for Defendant San Francisco Bay Area
    Rapid Transit District

20  Dated: _____           By: _____

21

22

23

24

25

26

27

28

---

SETTLEMENT AGREEMENT         17         CASE NO. 3:17-cv-02911-JSC

1      IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to

2  be executed, by their duly authorized attorneys.

3

4                                          **PAMELA MORENO**, individually and on behalf
                                           of the Settlement Class
5

6  Dated: _____                    By: _____

7
                                           **SAN FRANCISCO BAY AREA RAPID**
8                                          **TRANSIT DISTRICT**

9  Dated: _____                    By: _____

10
                                           Its _____
11

12

13                                         _As to form:_

14
                                           **EDELSON PC**
15                                         Attorneys for Plaintiff Pamela Moreno

16  Dated: _____                   By: _____

17

18                                         **LEWIS BRISBOIS BISGAARD SMITH LLP**
                                           Attorneys for Defendant San Francisco Bay Area
19                                         Rapid Transit District

20  Dated: August 24, 2018                 By: _____

21

22

23

24

25

26

27

28

SETTLEMENT AGREEMENT                    17                    CASE NO. 3:17-CV-02911-JSC
4812-9450-6716.1

1       IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to

2   be executed, by their duly authorized attorneys.

3

4                                                   **PAMELA MORENO**, individually and on behalf
                                                    of the Settlement Class
5

6   Dated: 08/22/2018                              By: _____

7
                                                    **SAN FRANCISCO BAY AREA RAPID**
8                                                   **TRANSIT DISTRICT**

9   Dated: _____                           By: _____

10
                                                    Its _____
11

12

13
                                                    *As to form:*
14
                                                    **EDELSON PC**
15                                                  Attorneys for Plaintiff Pamela Moreno

16  Dated: 8/22/16                                  By: _____

17

18                                                  **LEWIS BRISBOIS BISGAARD SMITH LLP**
                                                    Attorneys for Defendant San Francisco Bay Area
19                                                  Rapid Transit District

20  Dated: _____                           By: _____

21

22

23

24

25

26

27

28

---

SETTLEMENT AGREEMENT                          17                    CASE NO. 3:17-CV-02911-JSC
4852-9219-5440.1                                                   Doc ID: 46cfe650d9c35d5c614401ec9200d07d2c5818f3