Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
Todd Logan (SBN 305912)
tlogan@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

*Counsel for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| PAMELA MORENO, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, a public entity,<br><br>*Defendant.* | Case No. 3:17-cv-02911-JSC<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AGREEMENT**<br><br>Judge:   Hon. Jacqueline Scott Corley<br>Date:    September 27, 2018<br>Time:    9:00 a.m. |

The Parties to the litigation have entered into a Class Action Settlement Agreement (the "Settlement Agreement") dated, attached as Exhibit 2 to Plaintiff's Motion for Preliminary Approval (the "Motion").  The Court has reviewed and considered all papers filed in support of the Motion, including the Settlement Agreement and exhibits thereto and the Declaration of Todd Logan in Support of the Motion. The Court finds that there is a sufficient basis for granting preliminary approval of the Settlement, preliminarily certifying the Settlement Class as defined herein, and setting a Fairness Hearing at which the Court will consider whether to grant final approval of the Settlement Agreement.

ACCORDINGLY, the Court GRANTS the Motion for Preliminary Approval of the Settlement as provided for herein:

1.      Capitalized terms used herein but not otherwise defined shall have the same meaning as set forth in the Settlement Agreement.

2.      The Court has conducted a preliminary evaluation of the Settlement Agreement. Based on this preliminary evaluation, the Court finds that the Settlement Agreement meets all applicable requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure for settlement purposes only, including that the Settlement Class is sufficiently numerous, that there are questions of law and fact common to members of the Settlement Class that predominate over any individual issues, that the representative Parties and their counsel fairly and adequately protect the interests of the Settlement Class, and that class treatment is an appropriate method for the fair and efficient adjudication of the controversy

3.      The Court finds that: (i) there is good cause to believe that the settlement is fair, reasonable, and adequate, and (ii) the Settlement Agreement has been negotiated at arm's length and in good faith between experienced attorneys familiar with the legal and factual issues of this case and was reached with the assistance of Chief Magistrate Judge Spero. Therefore, the Court grants preliminary approval of the Settlement.

4.      The Court conditionally certifies, for settlement purposes only, the following Settlement Class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure:

5.

> All individuals who, at any time on or after January 1, 2016, had their mobile device's IMEI or geolocation collected by the BART Watch App.

This conditional certification shall be without force or effect if there is no Order and Judgment, if the Order and Judgment are reversed or modified on appeal, or if the Settlement Agreement is terminated, fails to be approved, fails to become effective, or otherwise fails to be consummated.

6. The Court appoints, for settlement purposes only, Pamela Moreno as Representative Plaintiff.

7. The Court appoints, for settlement purposes only, the following attorneys as Settlement Class Counsel: Rafey Balabanian and Todd Logan of Edelson PC, 123 Townsend Street, Suite 100, San Francisco, CA 94107.

8. Settlement Class Members who want to object to the Settlement Agreement must file written objections with the Court, and deliver such objections to Class Counsel and Defendant's counsel, no later than _____. The delivery date will be deemed the date the objection was deposited in the U.S. Mail, as evidenced by the postmark, and if no such date can be discerned, the date the objection is received by the Court will control. The objection must be signed by the Settlement Class Member and must include: include his or her name and address; include all arguments, citations, and evidence supporting the objection (including copies of any documents relied on); state that he or she is a Settlement Class Member, provide the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; and provide a statement indicating whether the objector intends to appear at the Final Approval Hearing either personally or through counsel (who must file an appearance or seek *pro hac vice* admission, if they are not admitted to practice law in this Court). Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her  intent to appear at the Final Approval Hearing in accordance with the terms of this Paragraph, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement

Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding.

9.     No later than _____, Plaintiff must file her papers in support of Class Counsel's application for attorneys' fees and expenses.

10.    No later than _____, Plaintiff must file her papers in support of final approval of the Settlement Agreement and in response to any objections.

11.    The Final Approval Hearing will be held at    :00    ___.m. on _____, 2018 in _____ before the Honorable Jacqueline Scott Corley, to determine, among other things: (i) whether final approval of the Settlement Agreement should be granted and (ii) whether Class Counsel's application for attorney's fees and expenses and an incentive award to the Class Representative should be granted.

12.    In the event the Settlement Agreement is not finally approved or is otherwise terminated in accordance with provisions of the Settlement Agreement, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of Plaintiff, Defendant, and Persons in the Settlement Class.

**IT IS SO ORDERED**

DATED: _____     _____
                                                    Hon. Jacqueline S. Corley