Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
Todd Logan (SBN 305912)
tlogan@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

*Counsel for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| PAMELA MORENO, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, a public entity,<br><br>*Defendant*. | Case No. 3:17-cv-02911-JSC<br><br>**PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEYS' FEES, EXPENSES, AND INCENTIVE AWARD**<br><br>Judge: Hon. Jacqueline Scott Corley<br>Date:  January 17, 2019<br>Time:  9:00 a.m. |

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................... 1

II.  FACTUAL BACKGROUND ................................................................................... 2

    A.   Plaintiff's Allegations ................................................................................... 2

    B.   The Litigation History and Work Performed to Benefit the Settlement Class ........................................................................................................... 3

    C.   The Judgment and Relief for the Settlement Class ...................................... 4

III. THE REQUESTED ATTORNEYS' FEES AND EXPENSES ARE REASONABLE AND SHOULD BE APPROVED ................................................ 4

    A.   The Lodestar Method Of Calculating Fees Is Most Appropriate Here ............ 4

    B.   Class Counsel's Lodestar is Reasonable ...................................................... 5

    C.   Class Counsel's Fee Request Results in a Negative Lodestar Multiplier ......... 7

    D.   The Requested Fees Should Be Approved .................................................. 7

IV. THE REQUESTED INCENTIVE AWARD IS REASONABLE AND SHOULD BE APPROVED ........................................................................................................ 8

V.  CONCLUSION ........................................................................................................ 9

# TABLE OF AUTHORITIES

**United States Supreme Court Cases**

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983)..................................................................................................6, 7

**United States Courts of Appeals Cases**

*Cunningham v. Cty. Of L.A.*,
    879 F.2d 481 (9th Cir. 1988) .................................................................................................5

*Gonzalez v. City of Maywood*,
    729 F.3d 1196 (9th Cir. 2013) ..............................................................................................5

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) .............................................................................................4

*In re Bluetooth Headset Prod. Liab. Litig.*,
    654 F.3d 935 (9th Cir. 2011) ........................................................................................4, 5, 7

*In re Online DVD-Rental Antitrust Litig.*,
    779 F.3d 934 (9th Cir. 2015) ................................................................................................9

*Morales v. City of San Rafael*,
    96 F. 3d 359 (9th Cir. 1996) .................................................................................................7

*Rodriguez v. W. Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) ................................................................................................8

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ............................................................................................4, 8

**United States District Court Cases**

*Brown v. Hain Celestial Grp., Inc.*,
    No. 11-cv-03082-LB, 2016 WL 631880 (N.D. Cal. Feb. 17, 2016)....................................9

*Crossfit, Inc. v. Del Cueto Davalos*,
    No. 14-cv-00725-BLF, 2017 WL 1479093 (N.D. Cal. Apr. 25, 2017) ...........................5, 6

*Iguacu, Inc. v. Filho,*
    No. 09-cv-0380-RS, 2014 WL 3668574 (N.D. Cal. July 23, 2014) ...............................4, 5

*In re Linkedin User Privacy Litig.*,
    209 F.R.D. 573 (N.D. Cal. 2015)..........................................................................................5

*In re Magsafe Apple Power Adapter Litig.*,

No. 5:091–CV–01911–EJD, 2015 WL 428105 (N.D. Cal. Jan 30. 2015) ........................... 5

*Lilly v. Jamba Juice Co.*,
No. 13–cv–02998–JST, 2015 WL 2062858 (N.D. Cal. May 4, 2015) ............................... 4

*Rhom v. Thumbtack, Inc.*,
No. 16-cv-002008-HSG, 2017 WL 4642409 (N.D. Cal. Oct. 17, 2017) ......................... 8, 9

*Salamanca v. Sprint/United Mgmt. Co.*,
No. 15-cv-05084-JSW, 2018 WL 1989568 (N.D. Cal. Mar. 9, 2018) ............................... 8

*Schuachardt v. Law Office of Rory W. Clark*,
314 F.R.D. 673 (N.D. Cal. 2016) .................................................................................... 7

*Vargas v. Berkeley Unified Sch. Dist.*,
No. 16-cv-06634-WHO, 2017 WL 5991857 (N.D. Cal. Dec. 4, 2017) ............................. 5

*Wren v. RGIS Inventory Specialists*,
No. 06-CV-05778 JCS, 2011 WL 1230826 (N.D. Cal. Apr. 1, 2011) ............................... 8

**Statutory Authorities**

Cal. Civ. Code. §§ 1750, *et seq.* ............................................................................................ 3

Cal. Gov't Code § 53166 ............................................................................................... 1, 3, 4

Cal. Penal. Penal Code § 637.7 ............................................................................................ 3

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on January 17, 2019 at 9:00 a.m., or at such other time as may be set by the Court, Plaintiff Pamela Moreno will move the Court, pursuant to Federal Rule of Civil Procedure 23(e), and in accordance with this Court's October 4, 2018 Order, for an order granting Plaintiff's Motion for Attorneys' Fees, Expenses, and Incentive Award, in Courtroom F, 15th Floor, 450 Golden Gate Avenue, before the Honorable Jacqueline Scott Corley.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the exhibits attached thereto, oral argument of counsel, all documents in the record, and the Northern District of California's Procedural Guidance for Class Action Settlements.

Respectfully Submitted,

**PAMELA MORENO,** individually and on behalf of all others similarly situated,

Dated: October 18, 2018

By: /s/ Todd Logan
One of Plaintiff's Attorneys

Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
Todd Logan (SBN 305912)
tlogan@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

*Counsel for Plaintiff and the Putative Class*

## I. INTRODUCTION

Plaintiff Pamela Moreno ("Plaintiff" or "Moreno") brought this lawsuit against Defendant San Francisco Bay Area Rapid Transit District ("BART" or "Defendant") (collectively, the "Parties") to put an end to BART's collection of individuals' private cell phone identifiers through the BART Watch mobile application (the "App"). Specifically, Plaintiff alleged that when the BART Watch App was downloaded onto users' cell phones, the App secretly collected the phone's unique International Mobile Equipment Identity ("IMEI") number and geolocation information without users' consent. Plaintiff further alleged that Defendant compiled that data, along with other personal identifiers, to create the kind of detailed information database that enabled Defendant to periodically track its users' precise locations and identities. Plaintiff alleged that through such conduct, Defendant violated the Cellular Communications Interception Act, Cal. Gov't Code § 53166 ("CCIA").

For more than eighteen months after Plaintiff filed her initial complaint, the Parties vigorously contested this litigation: Defendant achieved dismissal of the First Amended Complaint (without prejudice); the Parties briefed and argued Plaintiff's Second Amended Complaint; and the Parties conducted targeted, informal third-party discovery. After all that, the Parties were referred to a settlement conference with Chief Magistrate Judge Spero. It was at this settlement conference, and during follow-up communication between the Parties over the next few weeks, that Plaintiff secured the Settlement Agreement now before the Court.

As a result of her efforts in this litigation, Plaintiff achieved an excellent result for the class: essentially perfect injunctive relief, immediately ending Defendant's challenged business practices – all without releasing *any* of the Settlement Class Members' claims for monetary relief. As a result of this Settlement, Defendant has ceased collecting users' IMEI numbers through the App, has ceased obtaining data that enables it to selectively geolocate its users, and has agreed to the entry of comprehensive injunctive relief prohibiting it from collecting such information in the future.

With this significant injunctive relief secured for the Settlement Class, and in view of the considerable effort that led to it, Plaintiff Moreno now respectfully moves the Court to award

attorneys' fees in the amount of $57,500. The modest fee request represents approximately one third of Plaintiff's Counsel's lodestar of $181,450 – in other words, Plaintiff is requesting a substantially negative lodestar multiplier.

Plaintiff also moves the Court for an incentive award in the amount of $2,500. Plaintiff committed significant time and effort of her own to this litigation, including aiding Class Counsel's initial investigations, reviewing documents, engaging with her counsel regarding the Settlement currently before the Court, and pursuing the case for over a year without any guarantee of receiving anything beyond the same relief secured for her fellow class members. A $2,500 incentive award both appropriately recognizes her efforts and the results achieved, and is well within the range of incentive awards approved in similar privacy actions.

Accordingly, Plaintiff respectfully requests that the Court approve the request award of attorneys' fees, reimbursement of expenses, and incentive award.

## II.     FACTUAL BACKGROUND

### A.     Plaintiff's Allegations.

Plaintiff Moreno's operative class action complaint stems from Defendant's mobile app, BART Watch. Defendant is a governmental agency that oversees regional light rail operations in the Bay Area, employing a police force of nearly 300 officers. Dkt. 63, Second Amended Class Action Complaint ("SAC") ¶ 22. While the App was billed as a discreet way for riders to communicate with police officers and report incidents anonymously or otherwise, Plaintiff alleged that it was unlawfully programmed to collect location information from its users. *Id.* ¶ 23. Simply put: Plaintiff Moreno alleged the App transmitted user information and geolocation data to Defendant's servers, without rider knowledge or consent, even if the rider chose to remain anonymous. *Id.* ¶¶ 36, 38. This had enabled Defendant to use the App "to periodically track the precise locations" of commuters like Plaintiff, and tens of thousands of other Californians who downloaded the App. *Id.* ¶¶ 4, 5, 27, 31, 39, 42.

**B.     The Litigation History and Work Performed to Benefit the Settlement Class.**

On May 22, 2017, Plaintiff filed a putative class action against Defendant and Elerts Corp. ("Elerts"), a software company Defendant partnered with to develop the App, in the United States District Court for the Northern District of California. Dkt. 2. Plaintiff's complaint alleged that the App collected Plaintiff's mobile phone's geolocation data and IMEI number without her consent and in violation of California's Cellular Communications Interception Act ("CCIA"), Cal. Gov't Code § 53166, California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code. §§ 1750, *et seq.*, Plaintiff's privacy rights under the California Constitution, and rendered Defendant and Elerts liable for Intrusion Upon Seclusion. *Id.*

In the nearly eighteen months since, Plaintiff filed her First Amended Class Action Complaint ("FAC"), replacing her CLRA claim for a claim under California's Invasion of Privacy Act, Cal. Penal. Penal Code § 637.7, Dkt. 36; the Court ruled—after full briefing—that while the FAC pled Plaintiff's lack of consent to Elerts' actions, it did not state a viable claim for relief, and dismissed the FAC without prejudice, Dkt. 61; Plaintiff filed her Second Amended Complaint naming only Defendant BART, and stating a single claim for relief under the CCIA, while adding factual allegations and legislative context, Dkt. 63; Defendant BART filed a motion to dismiss the SAC, arguing that Plaintiff failed to allege the App was a "device" or that the app "intercepts" mobile telephony data within the meaning of the CCIA, Dkt. 66; Plaintiff filed an opposition brief, disputing each of Defendant's arguments, Dkt. 70; and after the Court heard oral argument on the SAC, it referred the case to Chief Magistrate Judge Spero for a settlement conference. Dkts. 73, 74.

It was at this settlement conference—after hours of arms' length negotiations and with the guidance of Chief Magistrate Judge Spero—that the Parties finally reached the agreement now before the Court. *See* Exhibit 1, Declaration of Todd Logan ("Logan Decl.") ¶¶ 6-7. Plaintiff then promptly filed a motion for preliminary approval of the proposed class action settlement (Dkt. 92), which the Court granted on October 4, 2018 (Dkt. 102).

### C. The Judgment and Relief for the Settlement Class.

All told, Plaintiff's efforts resulted in a significant result for the Class. The Class will receive comprehensive injunctive relief. BART has agreed that it will not obtain or collect any IMEI numbers, and that the App will only obtain or collect a limited set of information as laid out in the Settlement Agreement. *See* Exhibit 2, Class Action Settlement Agreement. BART has also agreed that if it uses "Cellular Communications Interceptions Technology" in the future, it will comply with all requirements set forth under the Cellular Communications Interception Act, Cal. Gov't Code § 53166(b)-(c). *Id*. BART has further assured that it will make all reasonable efforts not to retain geolocation information from its app for longer than three years, and will make all reasonable efforts in the future not to obtain information other than the information disclosed in the Agreement. *Id*. Crucially, Plaintiff's efforts to secure this injunctive relief has not foreclosed any future claims for monetary relief. *Id*. *See also* Logan Decl. ¶ 9.

## III. THE REQUESTED ATTORNEYS' FEES AND EXPENSES ARE REASONABLE AND SHOULD BE APPROVED

### A. The Lodestar Method Of Calculating Fees Is Most Appropriate Here.

Even where parties have already agreed to an attorneys' fee award for class counsel, "courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) (collecting cases). In this case, like most injunctive relief class actions, a lodestar calculation is the most appropriate method for calculating attorney fees "because there is no way to gauge the net value of the settlement or any percentage thereof." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *see also Lilly v. Jamba Juice Co.*, No. 13–cv–02998–JST, 2015 WL 2062858, at *5 (N.D. Cal. May 4, 2015) ("Because the settlement resulted in injunctive relief, the lodestar method is the appropriate measure for calculating attorneys' fees.").

The "lodestar method requires 'multiplying the number of hours [class counsel]…reasonably expended on the litigation…by a reasonable hourly rate for the region and for the experience of the lawyer.'" *Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003). In substantiating a lodestar figure, requesting attorneys must submit "satisfactory evidence…that

the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Iguacu, Inc. v. Filho,* No. 09-cv-0380-RS, 2014 WL 3668574, at *3 (N.D. Cal. July 23, 2014) (citation omitted). While the Court has discretion to adjust the lodestar figure upwards or downwards based on a variety of factors, it is considered "presumptively reasonable." *In re Bluetooth*, 654 F.3d at 941 (citing *Cunningham v. Cty. Of L.A.*, 879 F.2d 481, 488 (9th Cir. 1988)).

### B. Class Counsel's Lodestar is Reasonable.

The reasonableness of counsel's hourly rates is judged in comparison to the prevailing rates in the community—which, in this case, is the Bay Area in the Northern District of California—for similar work performed by attorneys with similar skill and experience. *Vargas v. Berkeley Unified Sch. Dist.*, No. 16-cv-06634-WHO, 2017 WL 5991857, at *1 (N.D. Cal. Dec. 4, 2017) (quoting *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013)); *see also In re Magsafe Apple Power Adapter Litig.*, No. 5:091–CV–01911–EJD, 2015 WL 428105, at *11 (N.D. Cal. Jan 30. 2015). As this Court recently found, "in the Bay Area, reasonable hourly rates for partners range from $560 to $800, for associates from $285 to $510, and for paralegals and litigation support staff from $150 to 240." *Crossfit, Inc. v. Del Cueto Davalos*, No. 14-cv-00725-BLF, 2017 WL 1479093, at *2 (N.D. Cal. Apr. 25, 2017) (quoting *In re Linkedin User Privacy Litig.*, 209 F.R.D. 573, 591-92 (N.D. Cal. 2015)).

As reflected in the chart below, Class Counsel's adjusted lodestar is $181,450.[1] (Logan Decl. ¶¶ 13, 17).

//

//

---

[1] Edelson PC has expended more hours on this matter than the 527.00 hours included in the chart below. However, we have not included time for certain staff and tasks deemed to be duplicative, excessive, or otherwise unnecessary.

1  //

| ATTORNEY (Position) | YEARS OF EXPERIENCE | HOURS | HOURLY RATE | TOTAL LODESTAR |
|---|---|---|---|---|
| Rafey Balabanian (Managing Partner) | 13 | 21.00 | $700 | $14,700 |
| Todd Logan (Associate) | 3 | 125.00 | $350 | $43,750 |
| Aaron Lawson (Associate) | 4 | 20.30 | $400 | $8,120 |
| Alex Tievsky (Associate) | 3 | 23.40 | $350 | $8,190 |
| Jacob Wright (Associate) | 5 | 18.00 | $375 | $6,750 |
| Dan Schneider (Associate) | 1 | 131.40 | $290 | $38,106 |
| Schuyler Ufkes (Staff Attorney) | 1 | 31.50 | $290 | $9,135 |
| Amir Missaghi (Former Associate) | 5 | 71.80 | $400 | $28,720 |
| Nina Eisenberg (Former Associate) | 2 | 40.10 | $295 | $11,829 |
| Stew Pollock (Former Associate) | 3 | 17.10 | $350 | $5,985 |
| Law Clerk | N/A | 27.40 | $225 | $6,165 |
| TOTAL | | 527.00 | | $181,450 |

Each attorney's hourly rate correlates to their respective experience, and as noted above, is reasonable in the Bay Area legal market and has been approved by state and federal courts in similar consumer class action settlements. Logan Decl. ¶ 16; *Crossfit*, 2017 WL 1479093, at *2 (approving associate hourly rate between $495 and $595). Additionally, the hourly rates used to calculate the lodestar figure are the same as those charged to class counsels' hourly-paying clients. Logan Decl. ¶ 16.

Though the Court has discretion to "reduce hours when documentation is inadequate, or when the requested hours are redundant, excessive, or unnecessary," there is no need to do so here. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). Class Counsel has already reviewed

the hours expended by the attorneys and staff working on the case, and omitted any hours deemed duplicative or excessive. Logan Decl. ¶ 17.

### C.   Class Counsel's Fee Request Results in a Negative Lodestar Multiplier.

Even where the requested lodestar figure is presumptively reasonable, the Court must additionally consider whether it is necessary to adjust the figure on the basis of the *Kerr* reasonableness factors. *Morales v. City of San Rafael*, 96 F. 3d 359, 365 (9th Cir. 1996). While many of these factors are for the most part "subsumed within the initial calculation of hours reasonably expended at a reasonable rate," *Hensley*, 461 U.S. at 434 n.9, the most important of these factors remains the benefit obtained by the class. *In re Bluetooth*, 654 F.3d at 942 (the reasonableness of fees "is determined primarily by reference to the level of success achieved by the plaintiff.")

Here, Class Counsel's fee request of $57,500 is $123,950 less than their base lodestar, meaning a significantly *negative* multiplier. That Class Counsel's requested fees here are significantly lower than their lodestar, despite the presence of factors favoring an upward adjustment of their lodestar (*i.e.*, injunctive relief immediately ending Defendant's conduct while preserving the Class' claims for money damages) indicates that the fee request is reasonable. *See e.g. Schuachardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 690 (N.D. Cal. 2016) (Corley, J.) (holding that "courts view self-reduced fees favorably" and that self-reduced fees support a finding that plaintiff's counsel's fee request was reasonable.).

Moreover, the fee request does not account for the hours that will be required for Class Counsel to prepare for final approval, such as drafting the final approval motion, and preparing for and attending the final fairness hearing. Logan Decl. ¶ 18. This reduction further supports the reasonableness of the fee request. *See Schuachardt*, 314 F.R.D. at 690-91 (Corley, J.) ("the [fee] request seems all the more reasonable given that it does not account for the additional [work]…anticipated completing [the] Settlement Agreement [or] include the work done in response to the Court's Order for a supplemental submission on the motion for final approval.")

### D.   The Requested Fees Should Be Approved.

At bottom, considering the reasonableness of Class Counsel's lodestar figure, the robust and forward-looking injunctive relief obtained for the Class (without foreclosing any claims for monetary relief), and the significant discount on its fees that Class Counsel ultimately requests, a fee award of $57,500 should be readily approved.

### IV. THE REQUESTED INCENTIVE AWARD IS REASONABLE AND SHOULD BE APPROVED

To compensate class representatives for the work they do on behalf of class members, courts typically grant requests for incentive awards, also referred to as case contribution awards. *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009). These awards are "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general. *Id*. The Court has discretion to approve any incentive award and should consider relevant factors, including:

> (1) the actions the plaintiff has taken to protect the interests of the class; (2) the degree to which the class has benefitted from those actions; (3) the duration of the litigation and the amount of time and effort the plaintiff expended in pursuing it; and (4) the risks to the plaintiff in commencing the litigation, including reasonable fears of workplace retaliation, personal difficulties, and financial risks.

*Wren v. RGIS Inventory Specialists*, No. 06-CV-05778 JCS, 2011 WL 1230826, *32 (N.D. Cal. Apr. 1, 2011) (citing *Staton*, 327 F.3d at 977).

Here, Plaintiff Moreno seeks an incentive award of just $2,500, which is entirely reasonable considering that her involvement was essential to the ultimate success of the Settlement and when compared to incentive awards in similar settlements. Logan Dec. ¶¶ 19-22. Plaintiff devoted her own time and effort in pursuing her claims, both for herself and for the benefit of the Settlement Class. *Id*. As soon as the case began, she participated and assumed the responsibilities of a class representative, namely to ensure the protection of and benefit of the Settlement Class as a whole rather than simply furthering her own interests. *Id*.

Incentive awards greater than $2,500 are routinely approved in this District. *See e.g. Salamanca v. Sprint/United Mgmt. Co.*, No. 15-cv-05084-JSW, 2018 WL 1989568, at *4 (N.D.

PLAINTIFF'S MTN. FOR ATTORNEY FEES,      8      CASE NO. 3:17-CV-02911-JSC
EXPENSES, AND INCENTIVE AWARD

Cal. Mar. 9, 2018) (approving a $5,000 incentive award and noting that "courts in this district have found $5,000 incentive awards to be presumptively reasonable"); *Rhom v. Thumbtack, Inc.*, No. 16-cv-002008-HSG, 2017 WL 4642409, at *8 (N.D. Cal. Oct. 17, 2017) (same); *Brown v. Hain Celestial Grp., Inc.*, No. 11-cv-03082-LB, 2016 WL 631880, at *11 (N.D. Cal. Feb. 17, 2016) (awarding $7,500 to each of the class representatives in a consumer class action); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 943 (9th Cir. 2015) (approving an award of $5,000 to all nine class representatives.)

Accordingly, the requested incentive award of $2,500 for Plaintiff Moreno as Class Representative should be approved.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (i) awarding $57,500 in attorneys' fees and expenses; (ii) awarding $2,500 to Plaintiff as an incentive award; and (iii) providing such other and further relief that the Court deems reasonable and just.

*          *          *

Respectfully submitted,
**PAMELA MORENO**, individually and on behalf of all others similarly situated,

Dated: October 18, 2018

By: /s/ Todd Logan
One of Plaintiff's Attorneys

Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
Todd Logan (SBN 305912)
tlogan@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

*Counsel for Plaintiff and the Putative Class*