# Exhibit 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| PAMELA MORENO, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, a public entity,<br><br>*Defendant*. | Case No. 3:17-cv-02911-JSC<br><br>**DECLARATION OF TODD LOGAN IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, EXPENSES, AND INCENTIVE AWARD**<br><br>Judge: Hon. Jacqueline Scott Corley<br>Date: January 17, 2019<br>Time: 9:00 a.m. |

Pursuant to 28 U.S.C. § 1746 and LR 7-5, I hereby declare and state as follows:

1.      I am an attorney admitted in the United States District Court for the Northern District of California. I am entering this declaration in support of Plaintiff's Motion for Reasonable Attorneys' Fees, Expenses, and Incentive Award. This declaration is based upon my personal knowledge, except where expressly noted otherwise. If called upon to testify to the matters stated herein, I could and would competently do so.

2.      I am an Associate of the law firm Edelson PC (the "Firm"), which has been retained to represent the named Plaintiff in this matter, Pamela Moreno, and act as Class Counsel on behalf of the Settlement Class.

3.      Attached as Exhibit 2 to Plaintiff's Motion for Approval of Attorneys' Fees, Expenses, and Incentive Award is a true and accurate copy of the Class Action Settlement Agreement reached in this litigation.

4.      Attached as Exhibit 3 to Plaintiff's Motion for Approval of Attorneys' Fees, Expenses, and Incentive Award is a true and accurate copy of the Edelson PC Firm Resume.

*The Litigation and Settlement History*

5.      My Firm agreed to represent Plaintiff Moreno and initiated this action against San Francisco Bay Area Rapid Transit District ("BART" or "Defendant"), prosecuted Plaintiff's claims in the face of hard-fought opposition by experienced defense counsel, and in the end expended more than five hundred hours of attorney time on this matter.

6.      After filing, the litigation progressed to motion practice. Plaintiff briefed and argued motion to dismiss Plaintiff's First Amended Complaint, and after the Court granted dismissal without prejudice, briefed and argued a motion to dismiss Plaintiff's Second Amended Complaint, after which the Court heard oral argument and then referred the case to Chief Magistrate Judge Spero for a settlement conference.

7.       Even if Plaintiff's claims survived BART's potentially dispositive motion to dismiss, the Defendant would undoubtedly challenge a motion for class certification, further delaying the injunctive relief sought by Plaintiff and the Class. Further still, if the case proceeded

to trial, other roadblocks—such as the need for expert testimony regarding the technical specifications of the BART Watch App—would stand between the Class and any recovery.

8.     With these obstacles to recovery in mind, Plaintiff and Defendant (the "Parties") participated in a settlement conference on June 28, 2018 with Chief Magistrate Judge Spero. While the Parties began the day with a substantial gulf between them—both in terms of the case's merits and what it would take to come to a resolution—after hours of arms'-length negotiations and Judge Spero's assistance, the Parties executed a non-binding memorandum of understanding on that day.

9.     In the weeks following the settlement conference, the Parties negotiated the final terms of the agreement and formally executed the written Settlement Agreement that is now before the Court.

*The Settlement Benefits*

10.     After balancing the strength of the Class's claims against the legal and factual obstacles remaining, both Plaintiff and Class Counsel concluded that accepting the relief afforded by the proposed Settlement was in the best interest of the Class. Here, the Settlement provides extraordinary injunctive relief. Among other provisions of the injunctive measures, BART must not only refrain from obtaining or collecting any International Mobile Equipment Identity ("IMEI") numbers from BART Watch App users, but also only obtain or collect the limited set of information specifically laid out in the Settlement Agreement.

11.     Crucially, the Settlement does not foreclose any future claims for monetary relief.

12.     Given that this Settlement was secured in the face of significant litigation risks—including the risks of failing to defeat a pending motion to dismiss, failing to certify the Class, and failing to defeat summary judgment—this robust injunctive relief is tremendous result for the Class.

*Class Counsels' Representation*

13.     Class Counsel agreed to undertake Pamela Moreno's claims on a contingency basis, and Class Counsel knew from the outset that they would be required to spend hundreds of hours investigating and litigating Moreno's claims with no guarantee of success, while

simultaneously foregoing other opportunities. Class Counsel have a proven record of effectively and successfully prosecuting complex nationwide class actions, and they used that experience in prosecuting this case. *See* Exh. 3, Edelson PC Firm Resume.

14.     Throughout this case, attorneys at my Firm have logged more than 500 hours of attorney time representing Ms. Moreno and the Settlement Class.

15.     My Firm's total lodestar of $181,450 represents the work that we have undertaken since the inception of this case and does not include the additional work that will be necessary through final approval (*i.e.*, preparing briefing in support of final approval, contending with any objections, otherwise communicating with the Settlement Class Members about the Settlement, and continuing to supervise the administration of the Settlement.)

16.     Our billable rates and an outline of the hours of each attorney that worked on this matter are incorporated in the chart below. Here, as with every case, we kept diligent and detailed time records that accurately and reasonably reflect the amount of hours required to litigate and resolve this case.

17.     In my opinion, the expenditure of time by the attorneys and staff that worked on this case was reasonable and necessary.

18.     The rates for the attorneys used to calculate the total lodestar figure correlate to their respective experience, and are the same rates that have been approved in similar state and federal courts around the country. *See e.g. Estrada v. iYogi, Inc.*, No. 13-cv-01989-WBS-CKD, 2016 WL 310279, at *6 (E.D. Cal. Jan. 26, 2016) (finding Edelson PC's then current hourly rates reasonable and granting their full lodestar request); *Kulesa v. PC Cleaner, Inc.*, No.12-cv-725-JVS, Dkt. 101 (C.D. Cal. Aug. 26 2014) (same); *Gross v. Symantec Corp.*, No. 12-cv-00154-CRB, 2014 WL 12641996, at *2 (N.D. Cal. Mar. 21, 2014) (finding Edelson PC's hourly rates reasonable and "have previously been approved by other courts throughout the country.")

19.     As reflected in the chart below, my Firm's adjusted lodestar to date is $181,450.[1]

---

[1]     Edelson PC has expended more hours on this matter than the 527.00 hours included in the chart below. However, we have not included time for certain staff and tasks deemed to be duplicative, excessive, or otherwise unnecessary.

| ATTORNEY (Position) | YEARS OF EXPERIENCE | HOURS | HOURLY RATE | TOTAL LODESTAR |
|---|---|---|---|---|
| Rafey Balabanian (Managing Partner) | 13 | 21.00 | $700 | $14,700 |
| Todd Logan (Associate) | 3 | 125.00 | $350 | $43,750 |
| Aaron Lawson (Associate) | 4 | 20.30 | $400 | $8,120 |
| Alex Tievsky (Associate) | 3 | 23.40 | $350 | $8,190 |
| Jacob Wright (Associate) | 5 | 18.00 | $375 | $6,750 |
| Dan Schneider (Associate) | 1 | 131.40 | $290 | $38,106 |
| Schuyler Ufkes (Staff Attorney) | 1 | 31.50 | $290 | $9,135 |
| Amir Missaghi (Former Associate) | 5 | 71.80 | $400 | $28,720 |
| Nina Eisenberg (Former Associate) | 2 | 40.10 | $295 | $11,829 |
| Stew Pollock (Former Associate) | 3 | 17.10 | $350 | $5,985 |
| Law Clerk | N/A | 27.40 | $225 | $6,165 |
| **TOTAL** | | **527.00** | | **$181,450** |

20.     Based on my experience with several similar settlements, I anticipate that approximately fifty additional hours of work will be required through final approval and administration of the Settlement, should the Court approve it. Specifically, Class Counsel must still draft a final approval motion, prepare for and attend the final fairness hearing, and contend with any potential objectors.

*Plaintiff Pamela Moreno's Efforts in the Litigation*

21.     Finally, I am of the opinion that Ms. Moreno dutifully represented the interests of the Settlement Class in this case and was instrumental in securing the Settlement.

22.     Throughout the pendency of the litigation, Ms. Moreno has played an active role as class representative. She has assisted reviewing pleadings and other documents filed with the Court, and provided Class Counsel with critical information regarding her personal experience

with the BART Watch App. At all times, she has looked out for the interests of the class, not just her individual case.

23.     As the case progressed towards settlement, Ms. Moreno reviewed, approved, and ultimately signed off on the Settlement Agreement.

24.     Overall, Ms. Moreno's commitment of time and effort in this action has resulted in substantial benefits to her fellow class members, including the forward-looking injunctive relief, that would not have been achieved absent her efforts.

*          *          *

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 18, 2018, at San Francisco, California.

/s/ Todd Logan