Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
Todd Logan (SBN 305912)
tlogan@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

*Counsel for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| PAMELA MORENO, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, a public entity,<br><br>*Defendant*. | Case No. 3:17-cv-02911-JSC<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**<br><br>Judge:   Hon. Jacqueline Scott Corley<br>Date:    January 17, 2019<br>Time:    9:00 a.m. |

## TABLE OF CONTENTS

I.      INTRODUCTION.................................................................................................1

II.     TERMS OF THE SETTLEMENT AGREEMENT.........................................1

III.    THE PROPOSED SETTLEMENT WARRANTS FINAL APPROVAL....................3

        A.      The *Churchill* Factors Weigh in Favor of Final Approval................................3

                1.      Plaintiff's case faced significant obstacles ................................3

                2.      The Settlement is preferable to the risk, expense, complexity,
                        and duration of continued litigation ............................................4

                3.      The risk of maintaining class status favors approval of the Settlement.......5

                4.      The relief obtained through the Settlement is exceptional.........................5

                5.      The Parties made an informed settlement decision................................6

                6.      Experienced class counsel views the Settlement favorably........................7

                7.      Experienced class counsel views the Settlement favorably........................8

                8.      No Class Members Have Objected .................................................8

        B.      The Settlement Was the Product of Arms-Length Negotiations .....................8

        C.      Notice To The Class Was Unnecessary Here..........................................9

V.      CONCLUSION ...............................................................................................10

## <u>TABLE OF AUTHORITIES</u>

**United States Supreme Court Cases**

*Wal-Mart Stores, Inc. v. Dukes,*
    564 U.S. 338 (2011)..................................................................................................9

**United States Courts of Appeals Cases**

*Allen v. Bedolla,*
    787 F.3d 1218 (9th Cir. 2015) ........................................................................3

*Churchill Vill., LLC. V. Gen. Elec.,*
    361 F.3d 566 (9th Cir. 2004) ..........................................................................3

*Class Plaintiffs v. City of Seattle,*
    955 F.2d 1268 (9th Cir. 1992) ........................................................................8

*In re Bluetooth Headset Prods. Liab. Litig.,*
    654 F.3d 935 (9th Cir. 2011) ..........................................................................3

*In re LinkedIn User Privacy Litig.,*
    309 F.R.D. 573 (N.D. Cal. 2015)............................................................ *passim*

*Marshall v. Holiday Magic, Inc.,*
    550 F.2d 1173 (9th Cir. 1977) ........................................................................8

*In re Online DVD-Rental Antitrust Litig.,*
    779 F.3d 934 (9th Cir. 2015) ..........................................................................3

*Officers for Justice v. Civil Serv. Comm'n of S.F.,*
    688 F.2d 615 (9th Cir. 1982) ..........................................................................3

*Rodriguez v. W. Publ'g Corp.,*
    563 F.3d 948 (9th Cir. 2009) ...................................................................4, 5, 7

**United States District Court Cases**

*Bayat v. Bank of the W.,*
    No. 13-cv-02376, 2015 WL 1744342 (N.D. Cal. Apr. 15, 2015)...................4, 5

*Bellinghausen v. Tractor Supply Co.,*
    306 F.R.D. 244 (N.D. Cal. 2015)...............................................................3, 4

*Campbell v. Facebook Inc.,*
    No. 13-cv-05996, 2017 WL 3581179 (N.D. Cal. Aug. 18, 2017) ..................5, 6

*Ching v. Siemens Indus., Inc.,*
    No. 11-cv-04838, 2014 WL 2926210 (N.D. Cal. June 27, 2014 .....................4, 5

*G.F. v. Contra Costa Cty.*,
    No. 13-cv-03667, 2015 WL 4606078 (N.D. Cal. July 30, 2015) .........................................9

*G.F. v. Contra Costa Cty.*,
    No. 13-cv-03667, 2015 WL 7571789 (N.D. Cal. Nov. 25, 2015) .....................................3

*Harper v. Law Office of Harris & Zide LLP*,
    No. 15-cv-01114-HSG, 2017 WL 995215 (N.D. Cal. Mar. 15, 2017) ...............................4

*Kim v. Space Pencil, Inc.*,
    No. 11-cv—03796-LB, 2012 WL 5948951 (N.D. Cal. Nov. 28, 2012) .........................8, 9

*LaGarde v. Support.com, Inc.*,
    No. 12-cv-00609, 2013 WL 1283325 (N.D. Cal. Mar. 26, 2013) ......................................5

*Larsen v. Trader Joe's Co.*,
    No. 11-cv-05188, 2014 WL 3404531 (N.D. Cal. July 11, 2014) ...............................4, 5, 7

*Lilly v. Jamba Juice Co.*,
    No. 13-cv-02998-JST, 2015 WL 1248027 (N.D. Cal. Mar. 18, 2015)...........................2, 9

*Lilly v. Jamba Juice Co.*,
    No. 13-cv-02998-JST, 2015 WL 2062858 (N.D. Cal. May 1, 2015) .................................8

*Patel v. Trans Union, LLC*,
    No. 14-cv-00522, 2018 WL 1258194 (N.D. Cal. Mar. 11, 2018) ..................................8, 9

*Stathakos v. Columbia Sportswear Co.*,
    No. 15-cv-04543-YGR, 2018 WL 582564 (N.D. Cal. Jan. 25, 2018) ...............................9

*Thomas v. MagnaChip Semiconductor Corp.*,
    No. 14-cv-01160-JST, 2018 WL 2234598 (N.D. Cal. May 15, 2018) ...............................8

*Wilson v. Tesla, Inc.*,
    No. 17-cv-03763, 2018 WL 4616358 (N.D. Cal. Sept. 26, 2018) ......................................6

*Zepeda v. PayPal, Inc.*,
    No. 10-cv-1668-SBA, 2017 WL 1113292 (N.D. Cal. Mar. 24, 2017) ...................3, 5, 6, 7

**Statutory Provisions**

28 U.S.C. § 1715..................................................................................................................8

Cal. Gov't Code § 53166 .................................................................................................1, 2

Fed. R. Civ. P. 23 ........................................................................................................ *passim*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on January 17, 2019, at 9:00 a.m., or at such other time as may be set by the Court, Plaintiff Pamela Moreno will appear, through counsel, before the Honorable Jacqueline Scott Corley, or any Judge sitting in her stead, in Courtroom F, 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, and then and there, respectfully move the Court, pursuant to Federal Rule of Civil Procedure 23(e), to grant final approval of a proposed class action settlement reached between herself and Defendant San Francisco Bay Area Rapid Transit District.

Plaintiff's motion is based upon this Notice, the Memorandum of Points and Authorities filed herewith, the Declaration of Todd Logan filed simultaneously herewith, and the record in this matter, along with any oral argument that may be presented to the Court and evidence submitted in connection therewith.

Respectfully Submitted,

**PAMELA MORENO,** individually and on behalf of all others similarly situated,

Dated: December 14, 2018

By: /s/ Todd Logan
One of Plaintiff's Attorneys

Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
Todd Logan (SBN 305912)
tlogan@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

*Counsel for Plaintiff and the Putative Class*

**I.     INTRODUCTION.**

Plaintiff Pamela Moreno ("Plaintiff" or "Moreno") seeks final approval of the class action Settlement Agreement ("Agreement" or "Settlement") reached with Defendant San Francisco Bay Area Rapid Transit District ("Defendant" or "BART"). *See* Dkt. 92-2 (Class Action Settlement Agreement). The Agreement resolves Plaintiff's allegations that BART collected individuals' private cell phone identifiers through the BART Watch mobile application (the "App"), in violation of the Cellular Communications Interception Act, Cal. Gov't Code § 53166 ("CCIA").

The Agreement—reached after more than eighteen months of vigorous litigation and a full day of arm's-length negotiations before Chief Magistrate Judge Spero—provides an outstanding result for the Class: essentially perfect injunctive relief, immediately ending Defendant's challenged business practices, all without releasing *any* of the Settlement Class Members' claims for monetary relief.

The Court conditionally certified the class and preliminarily approved the Agreement on October 4, 2018. Dkt. 102. Because certification was granted only on an injunctive basis under Federal Rule of Civil Procedure 23(b)(2), class notice of the settlement was unnecessary. As explained more fully below, the Agreement is eminently fair and reasonable. Consequently, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Final Approval of the Class Action Settlement Agreement.[1]

**II.    TERMS OF THE SETTLEMENT AGREEMENT.**

For the Court's convenience, the key terms of the Agreement are summarized here:

**A.     Settlement Class Definition:** The Agreement provides for an injunctive settlement class of all Persons in the United States who, on or after January 1, 2016, but before the date of Preliminary Approval, had their mobile device's International Mobile Equipment Identity Number and/or or geolocation collected by the BART Watch App. *See* Agreement § 1.20.

---

[1]     The case history and background facts are fully set forth in Plaintiffs' Motion for Attorneys' Fees. Dkt. 104. Pursuant to the Northern District of California's Procedural Guidance of Class Action Settlements, they are not repeated here.

**B.     Injunctive Relief:** Under the Agreement, BART has agreed that when a BART Watch App user submits a "report," BART will not obtain or collect any "International Mobile Equipment Identity" numbers, and will only obtain or collect a limited set of information as laid out in the Settlement Agreement. *Id.* § 2.1. BART further agreed that if it uses "Cellular Communications Interceptions Technology" in the future, it will comply with all requirements set forth under the Cellular Communications Interception Act, Cal. Gov't Code § 53166(b)-(c). *Id*. BART also agreed to make all reasonable efforts not to retain geolocation information from the BART Watch App for longer than three years, and will make all reasonable efforts in the future not to obtain any information other than the information disclosed in the Agreement. *Id.*

**C.     Incentive Award to Plaintiff:** In recognition of Plaintiff's time and effort serving as class representative, the Parties agreed that BART may not oppose Plaintiff's request for an incentive award in an amount up to two thousand five hundred dollars ($2,500), which is the amount of statutory damages available to a plaintiff under the CCIA. *Id.* § 7.2.

**D.     Payment of Attorneys' Fees and Expenses:** The Parties agreed that BART may not oppose Class Counsel's request for an award of reasonable attorneys' fees and expenses in an amount up to fifty-seven thousand five hundred dollars ($57,500). *Id.* § 7.1. Any fee award request by Class Counsel is, of course, also subject to Court approval.

**E.     Class Notice:** Because the Settlement Agreement was made only under Federal Rule of Civil Procedure 23(b)(2), the Parties agreed that notice to the class was not required. *Id.* § 4.1; *see Lilly v. Jamba Juice Co.*, No. 13-cv-02998-JST, 2015 WL 1248027, at *8–9 (N.D. Cal. Mar. 18, 2015).

**F.     Release of Injunctive Claims:** In exchange for the injunctive relief described above, BART and its related entities will receive a release of all claims for injunctive relief related to Settlement Class Members' use of the BART Watch App. §§ 1.17–1.19, 3.1–3.2. To be clear, the release of the Settlement Class Members' claims **does not extend to any claims for monetary relief**, and the Settlement Class Members retain all rights to bring any damages related to the allegations in this case on an individual or class basis. *Id.* ¶¶ 1.17, 3.1–3.2.

1

2   **III.   THE PROPOSED SETTLEMENT WARRANTS FINAL APPROVAL.**

3        The Ninth Circuit maintains a "strong judicial policy" favoring class action settlements.

4   *Zepeda v. PayPal, Inc.*, No. 10-cv-1668-SBA, 2017 WL 1113292, at *9 (N.D. Cal. Mar. 24,

5   2017) (citing *Allen v. Bedolla*, 787 F.3d 1218, 1223 (9th Cir. 2015)). Nevertheless, a court may

6   only finally approve a class settlement "after a hearing and on finding that it is fair, reasonable,

7   and adequate. Fed. R. Civ. P. 23(e)(2). To assess the fairness of a settlement, courts look to the

8   eight "*Churchill*" factors:

9            "(1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and
             likely duration of further litigation; (3) the risk of maintaining class action status
10           throughout the trial; (4) the amount offered in settlement; (5) the extent of
             discovery completed and the stage of the proceedings; (6) the experience and
11           view of counsel; (7) the presence of a governmental participant; and (8) the
             reaction of the class members of the proposed settlement."

12  *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015) (quoting *Churchill*

13  *Vill., LLC. V. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)). And where—as here—the Parties

14  reached a Settlement prior to adversarial class certification, "[t]he district court's approval order

15  must show not only that it has explored the *Churchill* factors comprehensively, but also that the

16  settlement is not the product of collusion among the negotiating parties." *In re Bluetooth Headset*

17  *Prods. Liab. Litig.*, 654 F.3d 935, 946-47 (9th Cir. 2011) (internal quotations omitted).

18       **A.   The *Churchill* Factors Weigh in Favor of Final Approval.**

19            1.   Plaintiff's case faced significant obstacles.

20       The first *Churchill* factor tests the relative strength of Plaintiff's case: "[a]pproval of a

21  class action settlement is appropriate when plaintiffs must overcome significant barriers to make

22  their case." *G.F. v. Contra Costa Cty.*, No. 13-cv-03667, 2015 WL 7571789, at *8 (N.D. Cal.

23  Nov. 25, 2015). This inquiry does not require a court to "reach any ultimate conclusions on the

24  contested issues of fact and law which underlie the merits of the dispute, for it is the very

25  uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that

26  induce consensual settlements." *Zepeda* at *10 (N.D. Cal. Mar. 24, 2017) (citing *Officers for*

27  *Justice v. Civil Serv. Comm'n of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982). It is instead "nothing

28  more than an amalgam of delicate balancing, gross approximations and rough justice."

1  *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 244, 255 (N.D. Cal. 2015) (J. Corley) (quoting

2  *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009)).

3      Here, although Plaintiff believed she would ultimately prevail at trial, she faced a number

4  of significant obstacles. To begin, the Court had already dismissed Plaintiff's First Amended

5  Complaint. Dkt. 61. With Defendant's third motion to dismiss pending, Plaintiff faced an

6  imminent risk that the Court would again dismiss her claims. Moreover, even if Plaintiff were to

7  defeat Defendant's motion to dismiss, victory at trial would have only been possible after

8  protracted litigation (including likely briefing on class certification and summary judgment,).

9  Although Plaintiff was confident that she would clear each of these hurdles, doing so was by no

10  means guaranteed. Such considerable uncertainty ultimately supports final approval of the

11  Settlement. *See In re LinkedIn User Privacy Litig.*, 309 F.R.D. 573, 587 (N.D. Cal. 2015)

12  ([B]ecause ultimate success at trial is far from certain, this factor weighs strongly in favor of the

13  settlement."); *Bayat v. Bank of the W.*, No. 13-cv-02376, 2015 WL 1744342, at *3 (N.D. Cal.

14  Apr. 15, 2015) ("Because the strength of Plaintiffs' claims is in doubt, the first *Churchill Village*

15  factor tips in favor of final approval of the settlement."); *Larsen v. Trader Joe's Co.*, No. 11-cv-

16  05188, 2014 WL 3404531, at *4 (N.D. Cal. July 11, 2014) ("significant risks that lie ahead

17  through summary judgment and trial" weighed in favor of first Churchill factors.)

18          2.  The Settlement is preferable to the risk, expense, complexity, and duration
                of continued litigation.
19

20      "Generally, unless the settlement is clearly inadequate, its acceptance and approval are

21  preferable to lengthy and expensive litigation with uncertain results." *Harper v. Law Office of*

22  *Harris & Zide LLP*, No. 15-cv-01114-HSG, 2017 WL 995215, at *4 (N.D. Cal. Mar. 15, 2017)

23  (citing *Ching v. Siemens Indus., Inc.*, No. 11-cv-04838, 2014 WL 2926210, at *4 (N.D. Cal. June

24  27, 2014)). Here, protracted litigation would be invariably costly, both in terms of attorney time

25  and litigation expenses (for example, on highly-compensated expert witnesses). *See Bayat*, 2015

26  WL 1744342, at *4 ("Absent settlement, the costs and complexity of this case will certainly

27  increase as motions to dismiss, summary judgment motions, and class certification motions

28  [along with associated discovery] will need to be litigated."). Additionally, the losing party

---

1  would almost certainly appeal, further multiplying both the time and money spent litigating. *See*

2  *id.* ("[R]egardless of who prevails on the merits … the losing party would likely appeal, thus

3  significantly prolonging this litigation and increasing its expense and complexity.").

4       In contrast, this Settlement provides immediate and excellent relief to the class. *See*

5  *Larsen,* 2014 WL 3404531, at *4 ("Avoiding such unnecessary and unwarranted expenditure of

6  resources and time would benefit all parties, as well as conserve judicial resources.") *Ching*,

7  2014 WL 2926210, at *3 (same). Particularly in view of the significant obstacles confronting the

8  class, this *Churchill* factor weighs strongly in favor of final settlement approval. *See LaGarde v.*

9  *Support.com, Inc.*, No. 12-cv-00609, 2013 WL 1283325, at *4 (N.D. Cal. Mar. 26, 2013)

10 (Corley, J.) ("In light of the risks and costs of continued litigation, the immediate rewards to

11 class members are preferable.")

12       3.       The risk of maintaining class status favors approval of the Settlement.

13       While the Court conditionally certified the class for settlement purposes, *see* Dkt. 102,

14 BART would undoubtedly have challenged a motion for class certification had litigation

15 continued. "Although a class can be certified for settlement purposes, the notion that a district

16 court could decertify a class at any time is an inescapable and weighty risk that weighs in favor

17 of settlement." *LinkedIn*, 309 F.R.D. at 587 (citing *Rodriguez*, 563 F.3d at 966). Though Plaintiff

18 is confident that the Settlement Class here satisfies each requirement of Rule 23, the potential

19 risk of decertification weighs in favor of final settlement approval. *Id.* ("[T]he risk of never

20 obtaining or losing class status in the absence of settlement weighs in favor of final approval.")

21       4.       The relief obtained through the Settlement is exceptional.

22       The relief offered by the Settlement "is generally considered the most important"

23 *Churchill* factor. *See Bayat*, 2015 WL 1744342, at *4. Forward-looking, and near perfect

24 injunctive relief—without foreclosing any monetary relief— is widely regarded as an exemplary

25 result for an injunctive class. *See e.g. Zepeda*, 2017 WL 1113293, at *13 (N.D. Cal. Mar. 24,

26 2017) (touting the injunctive relief even when Defendant changed practices before it was

27 "legally required" to do so, because the Settlement "will make the injunctive relief both binding

28 and enforceable, ensuring that [the Defendant will] maintain such practices [for years].");

1   *Campbell v. Facebook Inc.*, No. 13-cv-05996, 2017 WL 3581179, at *5-6 (N.D. Cal. Aug. 18,

2   2017) (approving settlement where "the class obtained essentially all of declaratory and

3   injunctive relief that they sought" and "give up almost nothing in return" because they "do <u>not</u>

4   waive any claims for damages" (emphasis in original)).

5          That is the relief delivered here. While BART may dispute Plaintiff's allegations and

6   wish to portray the injunctive settlement as simply "affirming BART's continuing commitment

7   to honor the privacy rights of its customers," *see* Dkt. 105 at 2, the Agreement's terms are in fact

8   tremendous forward-looking relief for the Class: they prevent BART from collecting the data at

9   issue and subject BART to federal court oversight barring it from collecting the data in the

10   future. *See generally* Dkt. 92-2. Moreover, the litigation itself served as a catalyst for BART to

11   immediately cease its challenged practices prior to Settlement. MTD SAC Hr'g Tr. 18:9-12,

12   Mar. 29, 2018 (**Court**: "They're not scott free, and they stopped doing it. I guess what I'm

13   saying—did BART stop?" **BART Counsel**: "As far as I know.") *See e.g. Zepeda*, 2017 WL

14   1113293, at *13 ("The fact that Defendants opted to implement the changes prior to the Court's

15   preliminary or final approval of the Settlement does not alter the fact that the Settlement itself

16   was the catalyst for change."). Achieving this injunctive relief was amongst Plaintiff's primary

17   goals from the outset of this litigation, and securing that relief without foreclosing anyone's

18   claims for monetary relief is an excellent result. *See Campbell*, 2017 WL 3581179, at *5.

19                    5.    The Parties made an informed settlement decision.

20          For the Parties "to have brokered a fair settlement, they must have been armed with

21   sufficient information about the case to have been able to reasonably assess its strengths and

22   values." *Wilson v. Tesla, Inc.*, No. 17-cv-03763, 2018 WL 4616358, at *5 (N.D. Cal. Sept. 26,

23   2018) (Corley, J.) (citation omitted). "Formal discovery is not a requirement for final settlement

24   approval; rather the court's focus is on whether the parties carefully investigated the claims

25   before reaching a resolution." *In re LinkedIn*, 509 F.R.D. at 588. Moreover, "the use of a

26   mediator…support[s] the conclusion that the [p]laintiff was appropriately informed in

27   negotiating a settlement." *Wilson*, 2018 WL 4616358, at *6 (citation omitted).

28

Here, the Settlement was reached only after the Parties exchanged significant informal discovery, including the third-party discovery obtained from Elerts, engaged in a productive settlement conference with the assistance of Chief Magistrate Judge Spero, and engaged in additional arms' length negotiations to finalize the terms of the written settlement agreement. *See* Exhibit 1, Declaration of Todd Logan ("Logan Decl.") ¶ 4. Hence, both sides were able to negotiate the Agreement on a fully informed basis and with a thorough understanding of the merits and value of the Parties' respective claims and defenses. *See Zepeda*, 2017 WL 113293 at *14.

### 6.   Experienced Class Counsel views the Settlement favorably.

"Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *Rodriguez.*, 563 F.3d at 965. Accordingly, "a district court is entitled to give consideration to the opinion of competent counsel that the settlement is fair, reasonable, and adequate." *Larsen*, 2014 3404531 at *5. Indeed, this opinion receives a "presumption of reasonableness." *LinkedIn*, 309 F.R.D. at 388.

Plaintiff's counsel has extensive experience prosecuting and settling class actions, especially in the privacy arena – in fact, Plaintiff's counsel from Edelson PC was recently recognized by Law360 as having a "Privacy Group of the Year." Logan Decl. ¶ 7. And Plaintiffs' counsel has been litigating this case for over 18 months. *Id*. ¶ 6. As other courts have noted, "the opinions of class counsel should be given considerable weight both because of counsel's familiarity with this litigation and previous experience with cases." *Larsen*, 2014 WL 3404531 at *5. With their experience in privacy class actions generally, and this case specifically, Plaintiff's counsel firmly believes that the Settlement is in the best interest of the class in light of the full relief provided and the risks of continued litigation. Logan Decl. ¶ 8. *See In LinkedIn*, 309 F.R.D. at 588 ("[C]lass counsel believes the settlement is in the best interest of the class, especially in light of the potential risks and rewards of continued litigation…consequently, this factor favors approval of the settlement.").

7.      No governmental entity has opposed the Settlement.

"The participation of a government agency serves to protect the interests of the class members … and approval by the agency is an important factor for the court's consideration." *Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1178 (9th Cir. 1977). Defendant BART is a governmental agency, and its participation in the Settlement promotes the presumption that the Settlement is fair and reasonable. Moreover, BART has presumably complied with its statutory notice obligations under 28 U.S.C. § 1715, and no governmental entity has raised objections or concerns about the Settlement. *See LinkedIn*, 309 F.R.D. at 588-89 (finding lack of government opposition supports approval because "CAFA presumes that, once put on notice, state or federal officials will raise any concerns that they may have during the normal course of settlement procedures").

8.      No Class Members have objected.

When the Court decides in its preliminary approval decision that notice is not necessary, "the reaction of the class is not considered in weighing the fairness factors." *Lilly v. Jamba Juice Co.*, No. 13-cv-02998-JST, 2015 WL 2062858, at *4 (N.D. Cal. May 1, 2015). *See also Kim v. Space Pencil, Inc.*, No. 11-cv-03796-LB, 2012 WL 5948951, at *6 (N.D. Cal. Nov. 28, 2012). Here, the Court did not require notice to the Class as part of its preliminary approval order (Dkt. 92)—as such, the Court need not evaluate class reaction. Nevertheless, Class Counsel has not received any objections to the Settlement as of this date. Logan Decl. ¶ 5. This further indicates that the Settlement warrants final approval. *See e.g. Thomas v. MagnaChip Semiconductor Corp.*, No. 14-cv-01160-JST, 2018 WL 2234598, at *2 (N.D. Cal. May 15, 2018) ("the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members.").

**B.      The Settlement Was the Product of Arms-Length Negotiations.**

Finally, the Court "must reach a reasoned judgment that the proposed agreement is not the product of fraud or overreaching by, or collusion among, the negotiating parties." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1290 (9th Cir. 1992) (citations omitted). "Where a settlement is the product of arms-length negotiations conducted by capable and experienced

1    counsel, the court begins its analysis with a presumption that the settlement is fair and

2    reasonable." *Patel v. Trans Union, LLC*, No. 14-cv-00522, 2018 WL 1258194, at *4 (N.D. Cal.

3    Mar. 11, 2018) (citations omitted).

4          Here, the Settlement was the product of arm's-length non-collusive negotiations with the

5    assistance of Chief Magistrate Judge Spero. Logan Decl. ¶ 4.  "The assistance of an experienced

6    mediator in the settlement process confirms that the settlement is non-collusive." *G.F. v. Contra*

7    *Costa Cty.*, No. 13-cv-03667, 2015 WL 4606078, at *13 (N.D. Cal. July 30, 2015). Thus, as

8    previously determined by this Court in its preliminary approval order, the Settlement in this

9    action "is fair, reasonable, and adequate…[and] has been negotiated at arm's length and in good

10   faith between experienced attorneys familiar with the legal and factual issues of [the case]." Dkt.

11   92 at 1.

12   **C.      Notice To The Class Was Unnecessary Here.**

13         Federal courts in this district and around the country have uniformly held that notice to

14   the class is not required in Rule 23(b)(2) settlements that provide for only injunctive relief and

15   preserve class members' claims for monetary relief.  *See, e.g., Lilly*, 2015 WL 1248027, at *9

16   (Tigar, J.) (concluding class notice unnecessary because "even if notified of the settlement, the

17   settlement class would not have the right to opt out from the injunctive settlement and the

18   settlement does not release the monetary claims of class members"); *Kim*, 2012 WL 5948951, at

19   *4 (concluding notice unnecessary because "the settlement does not alter the unnamed class

20   members' legal rights" to pursue monetary relief); *Stathakos v. Columbia Sportswear Co*., No.

21   15-cv-04543-YGR, 2018 WL 582564, at *3 (N.D. Cal. Jan. 25, 2018) (relying on *Lilly* and citing

22   other federal courts across the country in determining that class notice is not required in

23   injunctive-only settlements). Such is the case here. Because the proposed Settlement provides for

24   only injunctive relief and expressly preserves the rights of Settlement Class Members to pursue

25   their claims against Defendant for statutory damages or other monetary relief (*see* Agreement ¶

26   3.1–3.2), even if notice was sent, Class Members would not have the right to opt out of the

27   Settlement. *See Lilly*, 2015 WL 1248027, at *9; *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338

28   (2011). Accordingly, no notice to the class was required.

1    **V.     CONCLUSION**

2           Because each *Churchill* factor supports final approval of the Parties' Settlement, and the

3    Settlement was not the product of collusion between the Parties, Plaintiff respectfully requests that

4    the Court grant Plaintiff's Motion for Final Approval of the Class Action Settlement Agreement.

5

6                                   *                *                *

7

8                                         Respectfully submitted,
                                          **PAMELA MORENO**, individually and on behalf
9                                         of all others similarly situated,

10   Dated: December 14, 2018             By: /s/ Todd Logan
                                          One of Plaintiff's Attorneys
11
                                          Rafey S. Balabanian (SBN 315962)
12                                        rbalabanian@edelson.com
                                          Todd Logan (SBN 305912)
13                                        tlogan@edelson.com
                                          EDELSON PC
14                                        123 Townsend Street, Suite 100
                                          San Francisco, California 94107
15                                        Tel: 415.212.9300
                                          Fax: 415.373.9435
16
17                                        *Counsel for Plaintiff and the Putative Class*

18

19

20

21

22

23

24

25

26

27

28