**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| PAMELA MORENO, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, a public entity,<br><br>*Defendant*. | Case No. 3:17-cv-02911<br><br>[~~PROPOSED~~] **FINAL JUDGMENT** |

### [~~PROPOSED~~] FINAL JUDGMENT

The Court, having considered Plaintiff's Motion for Final Approval ("Motion for Final Approval") of the Class Action Settlement Agreement setting forth a protocol for case resolution (the "Protocol") of the above-captioned matter ("Action"), brought by Plaintiff Pamela Moreno ("Plaintiff") against Defendant San Francisco Bay Area Rapid Transit District ("Defendant") (together, the "Parties"), and Plaintiff's Motion for Approval of Attorneys' Fees, Expenses, and Incentive Award, together with the exhibits thereto, the arguments and authorities presented by the Parties and their counsel at the Final Approval Hearing on January 17, 2019, finds that:

1. Unless defined herein, all capitalized terms in this Order shall have the respective meanings ascribed to the same terms in the Protocol.

2. This Court has jurisdiction over the subject matter of the Action and personal

jurisdiction over all Parties to the Action.

3. On October 4, 2018, this Court preliminarily approved the Protocol, and certified, for purposes of adjudicating this Action, the Class consisting of: "All individuals who, at any time on or after January 1, 2016, had their mobile device's IMEI or geolocation collected by the BART Watch App." Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current, former, purported, and alleged employees, officers, and directors; (3) counsel for Plaintiff and Defendant; and (4) all persons who have previously had claims similar to those alleged herein finally adjudicated or who have released their claims against Defendant.

4. The Protocol was the result of arm's-length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this case in a proceeding presided over by Chief Magistrate Judge Joseph C. Spero, and is supported by the Class Representative and Class Counsel. The Class Representative and Class Counsel adequately represented the Class for purposes of entering into and implementing the Protocol. The preliminary appointment of Rafey S. Balabanian and Todd Logan of Edelson PC as Class Counsel is hereby confirmed.

5. The Defendant properly and timely notified the appropriate government officials of the Agreement, pursuant to 28 U.S.C. § 1715. Further, more than ninety (90) days have elapsed since Defendant provided said notice.

6. The Court finds that the Protocol meets all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure for purposes of adjudicating a resolution of the Action only, including that the Class is sufficiently numerous, that there are questions of law and fact common to members of the Class, that the claims and defenses of the representative parties are typical of the claims and defenses of the class, and that the representative parties and their counsel fairly and adequately protect the interests of the Class.

7. The Protocol is fair, reasonable, adequate, and in the best interests of the Class in light of the complexity, expense, and duration of litigation, the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal, and the likelihood of

recovering monetary relief. The Court further finds that:

      (i)      there was no collusion in connection with the Protocol;

      (ii)      the Protocol was the product of informed, arm's-length negotiations among competent, able counsel; and

      (iii)      the record is sufficiently developed and complete to have enabled Plaintiff and Defendant to have adequately evaluated and considered their positions.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

8. Judgment is entered in favor of Plaintiff and against Defendant as to Count 1 of the Second Amended Complaint (Dkt. 63).

9. The Protocol is finally approved as fair, reasonable, adequate, and in the best interests of the Class. The Parties are directed to consummate the Protocol in accordance with its terms. The Parties and Class Members are bound by the terms and conditions of the Protocol.

10. Upon the Effective Date of this Final Judgment, the Class Members shall be deemed to have fully, finally, and forever released, relinquished, and discharged Injunctive Claims against Defendant except as provided by the Final Judgment.

11. The Class Members' claims for monetary damages are expressly preserved.

12. Other than as set forth in the Protocol and this Order, the Parties shall bear their own costs and attorneys' fees.

13. Upon the Effective Date, the above adjudication of claims and the Protocol will be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Class Members, and their heirs, executors, administrators, successors, and assigns for injunctive relief sought in the Action. All Class Members shall be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or prosecuting any Injunctive Claim(s) sought in the Action against Defendant in any court, arbitration, tribunal, forum, or proceeding.

14. The following injunction must be implemented on or before the Effective Date and remain in effect for a period of four (4) years:

A. With respect to the BART Watch App, Defendant will only obtain limited information—other than through appropriate and lawful court processes—when a Bart Watch App user submits a "report," registers the App, or updates Personal Identification Information. That limited information will not include any "International Mobile Equipment Identity" numbers.

B. Specifically, when a user submits a "report," Defendant will only obtain the following information:

- The reporting individual's first name, if provided;
- The reporting individual's last name, if provided;
- The reporting individual's email, if provided
- The reporting individual's phone number, if provided;
- An alert ID;
- The report location ID;
- An image and/or video, if provided by the reporting individual
- The date;
- The time;
- The report status;
- The report title;
- The report type;
- Report details (text details provided by user);
- The UserID of the reporting individual;
- The reporting individual's latitude, if provided;
- The reporting individual's longitude, if provided;
- The organizationID of the entity to which the report is sent;

C. When a user registers the App or updates Personal Identification Information, Defendant will only obtain the following:

- The reporting individual's first name, if provided;
- The reporting individual's last name, if provided;
- The reporting individual's email, if provided;
- The reporting individual's phone number, if provided;
- The reporting device model.

D. The categories of information described in Sections 2.1(B)-(C) above represent all data that BART currently receives from Elerts through the BART Watch App. After a 90 day grace period beginning on the date of Final Approval, BART will make all reasonable efforts to ensure that, moving forward, it is precluded from receiving from Elerts, through the BART Watch App, any information other than the information described in Section 2.1(B)-(C).

E. If BART in the future uses "Cellular Communications Interceptions Technology," BART will comply with all requirements set forth under the Cellular Communications Interception Act, Cal. Gov't Code § 53166(b)-(c).

F. Unless required by a specific law enforcement investigation or through appropriate and lawful court processes, BART will make all reasonable efforts not to retain geolocation information from the BART Watch App for a period of longer than three years.

15. The Parties may, without further approval from the Court, agree to adopt amendments, modifications and expansions of the Protocol and its implementing documents

(including all exhibits to the Protocol) as long as they are consistent in all material respects with the Final Judgment and do not limit the rights of the Class Members.

16. The Court awards to Class Counsel $_____, which shall include all attorneys' fees and reimbursable expenses associated with the Action.

17. The Court awards to the Class Representative an incentive award of $_____ for her time and effort serving the Class in this Action.

18. The certification of the Class shall be binding only with respect to the resolution of the Action. In the event that the Agreement is terminated pursuant to its terms or the Court's approval of the Protocol is reversed, vacated, or modified in any material respect by this or any other court, any Final Judgment or other order entered by the Court in accordance with the terms of the Agreement, including but not limited to certifying any class for settlement purposes, shall be deemed vacated, *nunc pro tunc,* and the Parties and the Class Members shall be returned to the *status quo ante* with respect to the Action as if they had never entered into the Protocol.

19. Without affecting the finality of this Final Judgment for purposes of appeal, the Court retains jurisdiction as to all matters related to the administration, consummation, enforcement, and interpretation of the Agreement and this Final Judgment, and for any other necessary purpose.

**IT IS SO ORDERED.**

DATED: January 28. 2019     _____
Hon. Jacqueline Scott Corley

//

//

| | | |
|---|---|---|
| 1 | Dated: October 11, 2018 | EDELSON PC |
| 2 | | /s/ Todd Logan |
| 3 | | Todd Logan<br>*Attorneys for Plaintiff Pamela Moreno* |
| 5 | Dated: October 11, 2018 | LEWIS BRISBOIS BISGAARD & SMITH LLP |
| 6 | | /s/ Gordon J. Calhoun |
| 7 | | Gordon J. Calhoun<br>*Attorneys for Defendant San Francisco Bay Area Rapid Transit* |